UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILLIP JEROME GARDNER,

                    Plaintiff,

          -against-

KATHY HOCUL, GOVERNOR, et al.,

                    Defendants.

**ORDER TO AMEND**

21-CV-10185 (PMH)

PHILIP M. HALPERN, United States District Judge:

      Phillip Jerome Gardner ("Plaintiff"), who is currently incarcerated at Green Haven Correctional Facility ("Green Haven"), brings this action *pro se*. He alleges that due to inadequate medical treatment, he has lost sight in one eye and is currently losing sight in the other eye. By order dated December 1, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1]  For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this Order.

## STANDARD OF REVIEW

      The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman*

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

*v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff was diagnosed with a cataract in his left eye in 2000. (Doc. 2 at 4). He had a consultation for a surgical procedure to remove the cataract, but the surgery "never happen[ed]," and is now blind in his left eye. (*Id.*). Plaintiff's diabetes is currently not being adequately treated at Green Haven and, as a result, he is losing his sight in his right eye. (*Id.*). Plaintiff sent several "notarized affidavit of complaints" to New York State Department of Corrections and Community Supervision Chief Medical Advisor Carl J. Koeningsman ("Koeningsman") regarding medical care for his eyes, without result. (*Id.*)

Plaintiff asserts that Defendants have engaged in "negligence, del[i]berate indifference, and discrimination [based on] disability." (*Id.* at 5). Plaintiff sues Koeningsman (named herein as Koeigsman) and New York State Governor Kathy Hochul ("Hochul") for damages. (*Id.*).

## ANALYSIS

I.   Civil Rights Claims

The Court construes Plaintiff's allegations that Defendants were deliberately indifferent to his serious medical needs as a claim under 42 U.S.C. § 1983 that Defendants violated his Eighth Amendment rights. Plaintiff names only Hochul and Koeningsman in this action.

A.   Individual Capacity Claims

To state a claim under section 1983 against a defendant in his or her individual capacity, a plaintiff must allege facts showing the defendant's direct and personal involvement in the alleged constitutional deprivation. *Warren v. Pataki*, 823 F.3d 125, 136 (2d Cir. 2016) ("[A] plaintiff must establish a given defendant's personal involvement in the claimed violation in order to hold that

2

defendant liable in his individual capacity."). A defendant may not be held liable under section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official . . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff alleges that he "sent Dr. Carl J. Koeigsman [a] notarized affidavit of complaints complaining about [his] eyes," but these efforts were "without results." (Doc. 2 at 4). The fact that a plaintiff sends letters and grievances is insufficient to establish notice and personal involvement on the part of the defendant. *See, e.g.*, *Smart v. Goord*, 441 F. Supp. 2d 631, 643 (S.D.N.Y. 2006) ("Commissioner . . . cannot be held liable on the sole basis that he did not act in response to letters of protest sent by [plaintiff] . . . ."). Similarly, a defendant's receipt of a letter or grievance, without action to personally investigate or act on the letter or grievance, is insufficient to establish the defendant's personal involvement. *See, e.g., Rivera v. Fischer*, 655 F. Supp. 2d 235, 238 (W.D.N.Y. 2009) (collecting cases). Plaintiff's allegations that he sent complaints about his medical care to Koeningsman are therefore insufficient to state a claim that he was personally involved in violating Plaintiff's rights.

Plaintiff also does not allege any facts showing that Hochul was personally involved in the events underlying his claims, and he therefore fails to state a claim against her in her personal capacity. Plaintiff's claims against Koeningsman and Hochul in their individual capacities are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

B.  Official Capacity Claims

Plaintiff's claims against Koeningsman and Hochul in their official capacities must also be dismissed. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents  . . . ." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting section 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's section 1983 claims seeking damages from Hochul and Koeningsman are therefore barred by the Eleventh Amendment.

Notwithstanding the Eleventh Amendment, suits for prospective injunctive relief may proceed against state officers in their official capacities under the doctrine established by *Ex parte Young*, 209 U.S. 123 (1908). *See Henrietta D. v. Bloomberg*, 331 F.3d 261, 288 (2d Cir. 2003). Moreover, "[p]ersonal involvement of an official sued in his official capacity is not necessary where the plaintiff is seeking only injunctive or declaratory relief under 42 U.S.C. § 1983." *Davidson v. Scully*, 148 F. Supp. 2d 249, 254 (S.D.N.Y. 2001) (quoting *Glass v. Coughlin*, No. 91-CV-00193, 1991 WL 102619 (S.D.N.Y. May 29, 1991)); *Koehl v. Dalsheim*, 85 F.3d 86, 89 (2d Cir. 1996) (dismissing individual-capacity claims against superintendent for lack of personal involvement, and official-capacity claims for damages based on Eleventh Amendment immunity, but holding that dismissal of claim for injunctive relief was not warranted because "[a]s the Superintendent of Downstate, [defendant] had overall responsibility to ensure that prisoners' basic

4

needs were met, and the complaint adequately alleged deliberate indifference to a serious medical need.").[2] Here, however, Plaintiff has not requested injunctive relief.

In sum, Plaintiff's section 1983 claims for damages against Defendants in their official capacities are dismissed. 28 U.S.C. § 1915(e)(2)(B)(iii).

II.   Disability Discrimination

Title II of the ADA prohibits a "public entity" from discriminating against a "qualified individual with a disability" on account of that individual's disability. *See Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 208 (1998) (citing 42 U.S.C. § 12131). To state a claim under Title II of the ADA, a plaintiff must allege "that (1) he or she is a qualified individual with a disability; (2) that the defendants are subject to the ADA; and (3) that plaintiff was denied the opportunity to participate in or benefit from defendants' services, programs, or activities or was otherwise discriminated against by defendants, by reason of plaintiff's disabilities." *Shomo v. City of New York*, 579 F.3d 176, 185 (2d Cir. 2009); *Henrietta D.*, 331 F.3d at 272.

Section 504 of the Rehabilitation Act imposes requirements nearly identical to those in Title II of the ADA. *See Henrietta D.*, 331 F.3d at 272. To state a claim under Section 504 of the Rehabilitation Act, a prisoner must establish that: (1) he is a qualified individual with a disability; (2) he is otherwise qualified to participate in the offered activity or program or to enjoy the services or benefits offered; (3) he is being excluded from participation or enjoyment solely by reason of his disability; and (4) the entity denying the inmate participation or enjoyment receives federal

---

[2] *See also McKinnon v. Patterson*, 568 F.2d 930, 934 n.4 (2d Cir. 1978) (explaining that it was not necessary to determine whether a defendant was personally involved in the constitutional deprivation because he "was sued only in his official capacity for purposes of declaratory and injunctive relief"); *Marshall v. Switzer*, 900 F. Supp. 604, 615 (N.D.N.Y. 1995) ("Actions involving claims for prospective declaratory or injunctive relief are permissible provided the official against whom the action is brought has a direct connection to, or responsibility for, the alleged illegal action.").

financial assistance. *Hallett v. New York State Dep't of Corr. Servs.*, 109 F. Supp. 2d 190, 198 (S.D.N.Y. 2000).

A plaintiff bringing a claim under either statute must allege that his mistreatment "was motivated by either discriminatory animus or ill will due to disability." *Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 112 (2d Cir. 1998). As a result, "[c]ourts routinely dismiss ADA suits by disabled inmates that allege inadequate medical treatment, but do not allege that the inmate was treated differently because of his or her disability." *Crosby v. Petermann*, No. 18-CV-09470, 2020 WL 1434932, at *12 (S.D.N.Y. Mar. 24, 2020) (quoting *Elbert v. New York State Dep't of Corr. Servs.*, 751 F. Supp. 2d 590, 595 (S.D.N.Y. 2010) (collecting cases)).

Plaintiff has not alleged that he was excluded from participation in any program or activity at Green Haven because of his disability. Instead, Plaintiff alleges that he is being denied adequate medical care. Plaintiff makes no allegation that the denial of medical care was "by reason of disability," and he therefore fails to state a claim under the ADA or the Rehabilitation Act. *See Maccharulo v. New York State Dep't of Corr. Servs.*, No. 08-CV-00301, 2010 WL 2899751, at *5 (S.D.N.Y. July 21, 2010) ("[N]either the ADA nor Rehabilitation Act provides a cause of action for challenges to the quality of health services provided or for allegations of negligent medical malpractice."). Accordingly, Plaintiff's ADA and Rehabilitation Act claims are dismissed for failure to state a claim on which relief can be granted.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned

that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim for deliberate indifference to his serious medical needs, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. First, Plaintiff must name as the defendant(s) in the caption and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[3] In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

---

[3] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## **CONCLUSION**

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-10185 (PMH). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of the Court is respectfully directed to mail a copy of this Order to Plaintiff.

**SO ORDERED:**

Dated:   White Plains, New York
         December 21, 2021

_____
PHILIP M. HALPERN
United States District Judge

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED
COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

---

First Name                Middle Initial            Last Name

---

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

---

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

---

Current Place of Detention

---

Institutional Address

---

County, City                        State                    Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                      Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                               State                      Zip Code

Defendant 2:

First Name                      Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                               State                      Zip Code

Defendant 3:

First Name                      Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                               State                      Zip Code

Defendant 4:

First Name                      Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                               State                      Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____