UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILLIP JEROME GARDNER,

                              Plaintiff,

                -against-

DR. CARL J. KOENINGSMAN, et al.,

                              Defendants.

**ORDER**

21-CV-10185 (PMH)

PHILIP M. HALPERN, United States District Judge:

        Philip Jerome Gardner ("Plaintiff"), an inmate at Green Haven Correctional Facility ("Green Haven"), proceeds *pro se* and *informa pauperis* in this action. The initial Complaint in this action proceeded against Dr. Carl J. Koenigsmann ("Koenigsmann") and New York State Governor Kathy Hochul ("Hochul"). (*See* Doc. 2). The Court, reading the Complaint liberally, construed that pleading to seek relief under: (1) 42 U.S.C. § 1983 for deliberate indifference to serious medical needs in violation of the Eighth Amendment; and (2) Title II of the Americans with Disabilities Act ("ADA") or Section 504 of the Rehabilitation Act for disability discrimination. (Doc. 7).[1] On December 21, 2021, the Court entered an Order to Amend explaining that Plaintiff failed to state any claim for relief against Koenigsmann or Hochul because: (1) any claims under the Eighth Amendment against these individuals in their official capacities are barred by the Eleventh Amendment; (2) any claims under the Eighth Amendment against these individuals in their individual capacities were deficient for lack of personal involvement; and (3) the disability discrimination claims were deficient because Plaintiff did not claim that he was

---

[1] This decision is available on commercial databases. *See Gardner v. Hocul*, No. 21-CV-10185, 2021 WL 6064222 (S.D.N.Y. Dec. 21, 2021). For ease of reference, however, the Court cites to that version of the decision filed on the docket.

excluded from participation in a program or activity at Green Haven because of his disability.[2] (Doc. 7 at 1-6). After explaining these defects, the Court granted Plaintiff "leave to file an amended complaint that complies with the standards" set outlined therein within sixty days (*Id*. at 8).

Plaintiff filed the Amended Complaint—which includes a request for appointment of *pro bono* counsel embedded therein—on January 13, 2022. (Doc. 10, "Am. Compl."). The revised pleading proceeds against the New York State Department of Corrections and Community Supervision ("DOCCS"), Koenigsmann, and former New York State Governor Andrew M. Cuomo ("Cuomo") seeking relief for violations under the First, Eighth, and Fourteenth Amendments. (*Id*. at 2-3). As set forth more fully below, because the Amended Complaint suffers from the same infirmities as the prior rendition, it is DISMISSED under 28 U.S.C. § 1915(e)(2)(B).

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when it lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While dismissal is mandated on these grounds, the Court must construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and read them "to raise the strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks omitted) (emphasis in original).

---

[2] Of course, although not addressed in the Order to Amend, these claims cannot, in any event, proceed against Koenigsmann or Hochul in their individual capacities. *See A.D. v. New York State Dep't of Corr. & Cmty. Supervision*, No. 21-CV-05970, 2022 WL 523456, at *4 (S.D.N.Y. Feb. 22, 2022).

## BACKGROUND[3]

Plaintiff was diagnosed with a cataract in his left eye in 2000. (Am. Compl. at 7). Plaintiff had a consultation for surgery that year, the surgery did not occur, and now—more than twenty years later—he is blind in his left eye. (*Id.*).[4] Plaintiff wrote complaints to both Koenigsmann and Cuomo. (*Id.* at 7, 9). Plaintiff insists that his blindness resulted from lack of treatment. (*Id.* at 9).

Plaintiff, under these facts, asserts that DOCCS, Koenigsmann, and Cuomo violated his First, Eighth, and Fourteenth Amendment rights. (*Id.* at 2-3). He seeks "500 million plus punitive damages." (*Id.* at 5).

## ANALYSIS

The Court construes the Amended Complaint to press two claims for relief under 42 U.S.C. § 1983: (1) a claim for deliberate indifference to a serious medical need, in violation of the Eighth Amendment; and (2) an unspecified claim for deprivation of due process, in violation of the Fourteenth Amendment.

The Court considers the various possible permutations of these claims for relief *seriatim*.[5]

I.   Permutation No. 1: Theories of Liability Barred by Eleventh Amendment Immunity

Plaintiff proceeds herein against DOCCS, Koenigsmann, and Cuomo. (*See generally* Am. Compl.). Insofar as Plaintiff intends to press a claim under 42 U.S.C. § 1983 against that New York State agency—or Koenigsmann and Cuomo in their official capacities—those theories of

---

[3] Familiarity with the facts pressed in the original pleading is assumed.

[4] It is unclear to which eye Plaintiff refers, but he also alleges that at some point he "went from cataract to glaucoma" and is "blind where [he] now [has] to wear eyeglasses." (Am. Compl. at 7).

[5] The Court, in its Order to Amend, construed the initial pleading to press a disability discrimination claim under the ADA and/or Rehabilitation Act. (Doc. 7 at 5-6). The revised pleading does not support such an interpretation. (*See generally* Am. Compl.). However, even if it did, those claims for relief would be dismissed for the same deficiencies highlighted in the Order to Amend. (*See* Doc. 7 at 5-6).

liability are barred by the Eleventh Amendment. (Doc. 7 at 4-5 (dismissing Plaintiff's Eighth Amendment claim insofar as pressed against Koenigsmann and Hochul in their official capacities)); *see also Fernandez v. Superintendent, Downstate Corr. Facility*, No. 20-CV-10287, 2022 WL 443646, at *4 (S.D.N.Y. Feb. 14, 2022) ("To the extent plaintiff brings claims against Supt. Morton in his official capacity as superintendent, those claims are barred by the Eleventh Amendment."); *Brown v. Annucci*, No. 19-CV-09048, 2021 WL 860189, at *3 (S.D.N.Y. Mar. 8, 2021) ("The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state."); *Santiago v. D.O.C.C.S.*, No. 20-CV-04530, 2020 WL 4505706, at *1 (S.D.N.Y. Aug. 5, 2020) ("Plaintiff names DOCCS, a state agency, as a Defendant in his Complaint. However, state agencies, including DOCCS, and state officials acting in their official capacities are generally not 'persons' subject to suit under § 1983."); *Czerwinski v. New York State Dep't of Corr. & Cmty. Supervision*, 394 F. Supp. 3d 210, 227 (N.D.N.Y. 2019) ("There can be no dispute that DOCCS is an agency and arm of the State of New York and, therefore, entitled to New York's Eleventh Amendment immunity.").

## II.   Permutation No. 2: Theories of Liability Deficient for Want of Personal Involvement

The Court considers next the claims against Koenigsmann and Cuomo in their individual capacities. Although such claims are not barred by the Eleventh Amendment, as a fundamental prerequisite "[t]o establish[ing] a § 1983 claim, a plaintiff must show the defendants' personal involvement in the alleged constitutional violation." *Boley v. Durets*, 687 F. App'x 40, 41 (2d Cir. 2017) (citing *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)). Failing to allege that a defendant was personally involved in, or responsible for, the conduct complained of renders a complaint "fatally defective on its face." *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 886 (2d Cir. 1987)

(internal quotation marks omitted). Simply being a supervisor is not enough to impute personal involvement onto a defendant; liability exists only where the "defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676). The Amended Complaint fails to implicate either Koenigsmann or Cuomo in any constitutional violation. (*See generally* Am. Compl.). Rather, the entire theory of personal involvement rests on the allegation that Plaintiff complained—at some point after not receiving a surgical consultation recommended over two decades ago—to both Koenigsmann and Cuomo. (*See* Am. Compl. at 7-10). Koenigsmann, at some point during the past twenty-two years, told Plaintiff to "go through sick call procedures." (*Id*. at 7).

The Court advised Plaintiff in the Order to Amend that simply "send[ing] letters and grievances is insufficient to establish notice and personal involvement on the part of the defendant." (Doc. 7 at 3). The only change—apart from replacing Hochul with Cuomo—is modifying his claim at to specify that Koenigsmann responded, at some point, to a complaint "about [his] eyes" by directing Plaintiff to comply with DOCCS' procedures. (Am. Compl. at 7). This amendment (i.e., adding an allegation that Koenigsmann directed Plaintiff to comply with DOCCS' policies) is substantively no different from ignoring the complaints and is, accordingly, insufficient to implicate Koenigsmann in any constitutional violation. *See Acosta v. Thomas*, 837 Fed. App'x 32, 36 (2d Cir. 2020) (affirming grant of summary judgment and observing that the plaintiff had not established Koenigsmann's personal involvement where Koenigsmann's responses to complaints, *inter alia*, "suggested that [the plaintiff] utilize existing sick call procedures to address his pain"); *Joyner v. Greiner*, 195 F. Supp. 2d 500, 507 (S.D.N.Y. 2002) (dismissing Eighth Amendment deliberate indifference claim for want of personal involvement where plaintiff pled that the doctor "responded simply that there was nothing he could do unless

plaintiff could show he had a disc problem"); *cf. Rashid v. Hussain*, No. 95-CV-00676, 1997 WL 642549, at *3 (N.D.N.Y. Oct. 15, 1997) (finding a question of fact as to personal involvement because while "the mere fact that [the defendant] responded to a letter complaining about [the plaintiff's] medical treatment would not, by itself, subject [the defendant] to liability," the defendant's response detailed the plaintiff's condition, his treatment history, and his complaints).

As Plaintiff's amendment fails to allege Koenigsmann's personal involvement—and fails totally to explain Cuomo's personal involvement—in any constitutional violation, the claims against Koenigsmann and Cuomo in their individual capacities are dismissed. *See, e.g.*, *Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997); *Smart v. Annucci*, No. 19-CV-07908, 2021 WL 260105, at *5 (S.D.N.Y. Jan. 26, 2021); *McIntosh v. United States*, No. 14-CV-07889, 2016 WL 1274585, at *16 (S.D.N.Y. Mar. 31, 2016); *Banks v. Annucci*, 48 F. Supp. 3d 394, 416 (N.D.N.Y. 2014); *Malik v. City of New York*, No. 11-CV-06062, 2012 WL 3345317, at *15 (S.D.N.Y. Aug. 15, 2012), *adopted by* 2012 WL 4475156 (S.D.N.Y. Sept. 28, 2012); *Mateo v. Fischer*, 682 F. Supp. 2d 423, 430 (S.D.N.Y. 2010); *Higgins v. Artuz*, No. 94-CV-04810, 1997 WL 466505, at *7 (S.D.N.Y. Aug. 14, 1997) (Sotomayor, J.).

III.   <u>Permutation No. 3: Theory of Municipal Liability Deficient for Lack of Violation</u>

Plaintiff could, by proceeding against DOCCS under 42 U.S.C. § 1983—in the broadest reading—intend to allege a *Monell* claim against New York State. "[T]o prevail on a claim against a municipality under section 1983 based on acts of a public official, a plaintiff is required to prove: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the injury." *Lockett v. City of Middletown*, No. 19-CV-08255, 2021 WL 1092357, at *5 (S.D.N.Y. Mar. 22, 2021) (quoting *Triano v. Town of Harrison, New York*, 895 F. Supp. 2d 526, 531 (S.D.N.Y. 2012)

(alteration in original)). Such a claim "cannot lie in the absence of an underlying constitutional violation." *Galgano v. Cty. of Putnam*, No. 16-CV-03572, 2020 WL 3618512, at *9 (S.D.N.Y. July 2, 2020) (quoting *DeRaffele v. City of New Rochelle*, No. 15-CV-00282, 2017 WL 2560008, at *6 (S.D.N.Y. June 13, 2017)). Here, notwithstanding any other pleading deficiency, this claim must be dismissed because Plaintiff has not pled an underlying constitutional violation. *See, e.g.*, *Schultz v. Inc. Vill. of Bellport*, 479 F. App'x 358, 360 (2d Cir. 2012); *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006); *Santucci v. Levine*, No. 17-CV-10204, 2021 WL 76337, at *8 (S.D.N.Y. Jan. 8, 2021), *aff'd*, No. 21-1329-CV, 2022 WL 121281 (2d Cir. Jan. 13, 2022); *Ventillo v. Falco*, No. 19-CV-03664, 2020 WL 7496294, at *14 (S.D.N.Y. Dec. 18, 2020).

IV.    Request for *Pro Bono* Counsel

Given the conclusions reached herein, the request for *pro bono* counsel embedded in the Amended Complaint is denied as moot.[6]

## CONCLUSION

District Courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but—as is the case here—leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. The Court *sua sponte* explained various pleading deficiencies to Plaintiff and gave Plaintiff sixty days to file an amended pleading to rectify those issues. (*See* Doc. 7). Notwithstanding, the Amended Complaint,

---

[6] Even if the application were not moot, it would be denied without prejudice. The factors considered on an indigent litigant's request for counsel include the merits of the case, his efforts to obtain a lawyer, and his ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits is "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. And even if a court *believes* that a litigant should have a free lawyer, under the IFP statute, a court has no authority to "appoint" counsel; instead, the Court may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Plaintiff makes no showing as to any of these factors and, in any event, it would be far too early to assess the merits of this action.

as outlined above, suffers from the same shortcomings that plagued its predecessor. Leave to file another amended pleading will not be granted.[7] *See Vizcarrondo v. Dep. Mendez - G.R.V.C Dep. of Sec.*, No. 15-CV-00240, 2016 WL 4052177, at *3 (S.D.N.Y. Mar. 8, 2016) ("[T]he Court has already granted the plaintiff leave to amend, and, indeed, provided him with a road map for stating a cause of action. Because [the plaintiff] has failed to cure or even meaningfully address critical defects in his pleadings, the Amended Complaint should be dismissed with prejudice."), *adopted sub nom. Vizcarrondo v. Schriro*, 2016 WL 4051866 (S.D.N.Y. July 26, 2016); *Herbert v. Delta Airlines*, No. 12-CV-01250, 2014 WL 4923100, at *5 (E.D.N.Y. Sept. 30, 2014).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue). The Clerk of the Court is respectfully directed to mail a copy of this Order to Plaintiff and close this case.

**SO ORDERED:**

Dated:   White Plains, New York
         March 30, 2022

_____
PHILIP M. HALPERN
United States District Judge

---

[7] Although it does not impact the Court's analysis, it bears noting that Plaintiff appears to be a seasoned litigant. *See Gardner v. Mental Health Unit of, Sullivan Corr. Facility*, No. 07-CV-05535, 2009 WL 1834382 (S.D.N.Y. June 17, 2009); *Gardner v. Daddezio*, No. 07-CV-07201, 2008 WL 4826025 (S.D.N.Y. Nov. 5, 2008); *Gardner v. Rivera*, 535 F. Supp. 2d 430 (S.D.N.Y. 2008). "[T]he special solicitude due a *pro se* litigant depends upon that particular party's litigation experience, as 'the degree of solicitude may be lessened where the particular *pro se* litigant is experienced in litigation and familiar with the procedural setting presented.'" *Lawtone-Bowles v. U.S. Bank Nat'l Ass'n*, No. 19-CV-05786, 2021 WL 1518329, at *4 (S.D.N.Y. Apr. 16, 2021) (quoting *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010)), *aff'd sub nom. Lawtone-Bowles v. Brown*, No. 21-1242-CV, 2022 WL 839280 (2d Cir. Mar. 22, 2022); *see also Shomo v. New York Dep't of Corr. Servs.*, No. 04-CV-0910, 2007 WL 2580509, at *3 (N.D.N.Y. Sept. 4, 2007) (observing that granting "experienced *pro se* litigants" the same solicitude due an inexperienced one "would tilt the scales of justice unfairly in favor of the *pro se* litigant and against his opponents").