UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILLIP JEROME GARDNER,

                         Plaintiff,

            -against-

DR. CARL J. KOENINGSMAN, et al.,

                         Defendants.

**<u>ORDER</u>**

21-CV-10185 (PMH)

PHILIP M. HALPERN, United States District Judge:

This Court, on March 30, 2022, issued an Order dismissing this action under 28 U.S.C. §

1915(e)(2)(B) and denying Plaintiff's request for appointment of *pro bono* counsel. (Doc. 14).

Days after that Order was entered, on April 8, 2022, the Court received Plaintiff's "second" request

for appointment of *pro bono* counsel. (Doc. 15). The Court denied that application by endorsement

entered on April 12, 2022. (Doc. 16). That endorsement read, in pertinent part, as follows:

> This matter was dismissed—and the request for *pro bono* counsel
> denied as moot—by Order dated March 30, 2022. To the extent
> Plaintiff seeks the appointment of *pro bono* counsel to pursue an
> appeal, the request is denied without prejudice to renew because that
> application must be made to the U.S. Court of Appeals for the
> Second Circuit.

(*Id*.). One week later, on April 19, 2022, the Court received another request for the appointment

of *pro bono* counsel. (Doc. 18). Approximately one week after that, on April 26, 2022, Plaintiff

submitted a fourth request for the appointment of *pro bono* counsel—albeit that application was

addressed to Magistrate Judge Krause as opposed to this Court. (Doc. 19).

The April 19, 2022 and April 26, 2022 applications for the appointment of *pro bono* are

denied for the same reasons provided in the April 12, 2022 endorsement. (*See* Doc. 16). Should

Plaintiff seek to have counsel appointed to assist in his appeal, the application must be made to the U.S. Court of Appeals for the Second Circuit.[1]

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 18 and mail a copy of this Order to Plaintiff.

**SO ORDERED:**

Dated:   White Plains, New York
         May 2, 2022

_____
PHILIP M. HALPERN
United States District Judge

---

[1] Even if the Court considered these successive applications on their merits, the requests for *pro bono* counsel would be denied. The factors evaluated on an indigent litigant's request for counsel include the merits of the case, his efforts to obtain a lawyer, and his ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these considerations, the merits is "command[s] the most attention." *Cooper*, 877 F.2d at 172. The Court has already dismissed this action for failure to state a claim upon which relief can be granted.